IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TIFFANY THOMPSON PLAINTIFF

Vs. No. 3:25-cv-246

JURHA HOUSING COMMUNITY DEVELOPMENT ORGANIZATION, factiously known as JURHA HCDO and/or JONESBORO URBAN RENEWAL & HOUSING AUTHORITY; JANICE RICHMOND, Assistant Director of JURHA, individually and collectively; and SHARON SPIKES, Executive Director of JURHA, individually and collectively DEFENDANTS

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Come Defendants JURHA Housing and Community Development Organization [JURHA HCDO], a Nonprofit Corporation, Janice Richmond, and Sharon Spikes, through counsel, Barber Munson, and for their Responses to Plaintiff's Requests for Admission, state:

DEFINITIONS AND INSTRUCTIONS: To the extent that Plaintiff has sought to ascribe special meanings or definitions to words used in this set of discovery or that specify the manner in which the defendants are to respond to this set of discovery, the defendants have declined to accept those specialized definitions and instructions. The defendants object to these types of definitions and instructions on the grounds that they, in part, render the discovery requests to be overly broad, vague, confusing, unduly burdensome, oppressive, harassing, and seeking documents and/or information that are neither relevant to the issues of this litigation nor proportional to the needs of the case. The defendants shall instead interpret all words contained in this set of discovery in accordance with their ordinary and customary meanings and will follow the instructions and rules governing discovery as set forth in the Federal Rules of Civil Procedure.

**REQUEST FOR ADMISSION NO. 1:** Plaintiff, Tiffany Thompson, is an individual resident of Lawrence County, Arkansas.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, Ms. Thompson's current residence is unknown, and the response is therefore denied.

**REQUEST FOR ADMISSION NO. 2:** Defendant, JURHA Housing and Community Development Organization, fictitiously known as JURHA HCDO and/or fictitiously known as Jonesboro Urban Renewal & Housing Authority ("JURHA"), is a public housing agency that provides services to low income families, seniors, and individuals with disabilities in Northeast Arkansas.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as

authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 3:** Defendant, Janice Richmond, is Assistant Director of JURHA.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 4:** Defendant, Sharon Spikes, has served as Executive Director of JURHA since 1997.

**<u>RESPONSE</u>:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. <u>See, e.g., DIRECTV, Inc. v. DeVries</u>, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); <u>Revlon Consumer Prods. Corp. v. Estée Lauder Cos.</u>, 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 5:** Defendant JURHA's registered agent for service of process is Sharon (Poe) Spikes, 330 Union Street, Jonesboro, Arkansas 72401.

**<u>RESPONSE</u>:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. <u>See, e.g., DIRECTV, Inc. v. DeVries</u>, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); <u>Revlon Consumer Prods. Corp. v. Estée Lauder Cos.</u>, 2001 U.S. Dist. LEXIS 6616

(S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 6:** Defendant JURHA is a nonprofit corporation.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 7:** Defendant JURHA is a public housing agency that provides safe, affordable housing and supportive services to low-income families, seniors, and individuals with disabilities in Northeast Arkansas. The agency administers a variety of programs, including public housing, the Housing Choice Voucher Program (Section 8), and specialized housing for the elderly and mobility-impaired residents. Beyond housing, JURHA supports community development through initiatives like the Family Self-Sufficiency Program and homebuyer education workshops, aiming to promote economic independence and enhance the quality of life for its residents. JURHA owns and acts as the landlord for approximately 151 public housing rental units in Jonesboro and 40 public housing rental units in Imboden, Arkansas. The

agency also manages 70 units for elderly residents, 31 units known as Craighead Place Apartments, 12 houses located on various streets, and 3 JURHA 8 Units, which rent for market rent. Lastly, JURHA administers approximately 1,342 vouchers providing critical rental assistance to low-income individuals and families in Northeast Arkansas.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 8:** In 2016, JURHA began managing the Imboden Housing Authority's 40-unit development. On April 1, 2018, the Imboden Housing Authority formally consolidated with JURHA, at which point, all Imboden Housing Authority employees became JURHA employees and subject to its personnel policies. Imboden is approximately 40 miles from Jonesboro and a 40-minute drive.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as

authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 9:** Plaintiff Thompson, a Hispanic female, served as the site manager for the Imboden development from 2016 until her resignation, constructive discharge, in December 2024. During this time, she worked alongside a single maintenance employee, Scott Campbell, and was responsible for both administrative and maintenance duties. At the time of the events described, JURHA employed approximately 30 employees.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s

sequencing/timing). Without waiving these objections, these defendants admit that plaintiff was employed as a site manager for the Imboden Housing Authority, which remains in existence and whose centralized management was ultimately overseen by JURHA. These defendants further admit that plaintiff and Mr. Campbell were coworkers at the Imboden Housing Authority during JURHA's supervision of the Imboden Housing Authority where plaintiff was employed. The balance of the allegations in this request are denied.

**REQUEST FOR ADMISSION NO. 10:** The same facts in the Complaint that support the FLSA claims support the discrimination claims based on Title VII violations.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Additionally, Defendants object that this request for admissions calls for a legal conclusion. Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 11:** The facts in the Complaint describe events viewed as a series of events viewed as one continuing event.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 12:** Plaintiff received a Notice of Right to Sue regarding Title VII discrimination claims from EEOC on August 14, 2025.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616

(S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 13:** Within the ten years preceding the filing of the Complaint, Defendant JURHA continuously employed at least 30 employees.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 14:** Defendant JURHA employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as tools and construction materials.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as

authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 15:** Plaintiff regularly used instrumentalities of interstate commerce such as the telephone and the internet in carrying out her job duties, as well as running customer credit cards, as well as to communicate with Defendant JURHA.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 16:** Plaintiff regularly supplied via the website, and upon information and belief at least some of these orders were shipped from out of state.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Defendants further object that this Request for Admission is vague and unintelligible. Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 17:** At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v.

DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, see paragraph 16 in the defendants' answer to the first amended complaint.

**REQUEST FOR ADMISSION NO. 18:** At all times material herein, Plaintiff has been classified by Defendant JURHA as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, Ark. Code Ann. § 11-4-211, and has been paid an hourly wage.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 19:** Defendant JURHA employed Plaintiff as an hourly-paid employee, although Defendant Spikes put in a recent letter that she was salaried.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek

discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 20:** Defendant Spikes listed all employees as salaried, but paid everyone hourly.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 21:** Plaintiff was hired on July 15, 2016 as a Site Manager at the Imboden Housing Authority.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, admitted.

**REQUEST FOR ADMISSION NO. 22:** During her employment, Plaintiff was told that she had to work all on-call days and holidays, while Site Managers and maintenance staff for other locations rotated their on-call days and holidays.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v.

DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 23:** On September 28, 2024, full-time administration and public housing employees received a cost of living pay increase, but Plaintiff was not included.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 24:** On November 22, 2024, Plaintiff received a pay raise, but it was not retroactive.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction

expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 25:** Plaintiff was the only one that had to give up raises for three years.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 26:** Plaintiff was the only one not compensated or rotated with for after hour calls or work.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 27:** Plaintiff was the only employee made to work 14 calendar days before departure, including Christmas Day.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616

(S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 28:** Plaintiff was the only one out of administration, public housing, and maintenance that did not get the cost of living raise and Defendant Spikes lied about it.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 29:** On Plaintiff's exit interview, the director did not meet with Plaintiff or speak to Plaintiff on her departure, so no exit interview occurred.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be

served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 30:** Defendant Spikes has never not performed an exit interview until Plaintiff. In fact, no one performed an exit interview with Plaintiff.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 31:** Plaintiff did not receive pay for her compensation time after Defendant Spikes and attorney Worsham offered her the 74 hours and $19,000.00 if Plaintiff would waive all liability. Because Plaintiff would not waive liability or the

ability to file a claim, Defendant Spikes did not pay Plaintiff for even the 74 hours of compensation time on the books she worked during surgery when she had not been released by her physician.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 32:** Plaintiff was constructively discharged when she resigned on December 13, 2024.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed

premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 33:** Plaintiff was not told why she did not receive retroactive pay.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 34:** Defendant Spikes, former Executive Director, asked Plaintiff not to take any benefits from the City of Imboden.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be

served before the time specified in Rule 26(d).” Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)’s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 35:** The policy at the Jonesboro and Imboden offices was to work 8 a.m. to 4:30 p.m., five days per week, but Plaintiff was required to be available to work until 8:30 p.m. almost every day. Plaintiff was on-call 24 hours per day.

**RESPONSE:** Objection, Plaintiff’s Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that “a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f),” except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request “may not be served before the time specified in Rule 26(d).” Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)’s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 36:** The maintenance employees shared on-call rotation every week, except for Plaintiff.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 37:** Plaintiff's maintenance man only performed maintenance during hours he was allotted. He has no claim for overtime.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s

sequencing/timing). Without waiving these objections, these defendants admit that the maintenance employee has no claim; all other allegations in this request are denied.

**REQUEST FOR ADMISSION NO. 38:** After the maintenance employees' on-call status, they received the following Friday off to compensation for overtime hours.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, these defendants admit there was a comp time program. However, the allegations in this request do not accurately reflect the program, and the allegations are therefore denied.

**REQUEST FOR ADMISSION NO. 39:** Plaintiff did not receive Fridays off as no one shared on-call rotation with her. Plaintiff was on call 365 days per year.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction

expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 40:** Plaintiff lost two years vesting in the company.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 41:** The final straw was when everyone got a raise on September 22, 2024, but Plaintiff and her maintenance employee did not.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek

discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 42:** Defendant Spikes sent an email to every employee that stated no one received a raise.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 43:** Defendant Spikes told the other employees that if they said or confirmed that they got a raise, they would be fired.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 44:** There was a joke in the Jonesboro office that Defendant Spikes worked Plaintiff like a Mexican.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed

premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 45:** For the entirety of her 8½-year tenure, Plaintiff Thompson served as the sole point of contact for Imboden Development's after-hours emergencies. This is verifiable through Plaintiff's pay stubs, consistently reflecting a $30.00 stipend for this responsibility.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 46:** Furthermore, Plaintiff's personal cell phone number was explicitly listed as the emergency contact on all leases and move-in paperwork, reflecting a direct directive from Defendant Spikes. The absence of any rotating on-call schedule or alternative contact information further substantiates Plaintiff's claim of sole responsibility.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 47:** Plaintiff's assertion that she was never granted Fridays off is supported by substantial evidence, including, but not limited to: (1) extensive email correspondence demonstrating Plaintiff's active engagement on Fridays; (2) multiple leave requests specifically targeting Fridays, showcasing the necessity to formally request time off; (3) affidavits from notarized witnesses confirming Plaintiff's regular Friday work and bi-weekly trips to the Jonesboro office to pick up payroll for Plaintiff and her staff.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these

provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 48:** Defendant Spikes' full awareness of Plaintiff's situation, including Plaintiff's lack of Fridays off and Plaintiff's role as the sole emergency contact, is incontrovertible. Plaintiff possesses text messages from Defendant Spikes acknowledging this debt.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 49:** These attempts to resolve this matter amicably precede formal legal action. JURHA assuming Plaintiff was taking Fridays off is demonstrably inaccurate given the aforementioned evidence. The lease agreement clearly states that Plaintiff's

personal number is the emergency contact, "Monday through Friday after 4:30 p.m., weekends and holidays."

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 50:** Based solely on unpaid Fridays for the last three years of Plaintiff's employment, the amount owed is $22.96 per hour x 8 hours x 52 weeks x 3 years = $28,654.08. However, this excludes the additional compensation due under the FLSA, including time and a half and holiday pay, which would significantly increase the total owed.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these

provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 51:** Even at departure, Plaintiff was mandated to work Christmas and other holidays despite company-granted time off for others, incurring further unpaid wages. This calculation, excluding holiday pay, totals $42,981.12 (3 years at time and one-half, 415 hours per year x 3). Including liquidated damages, which are equal to the amount owed, resulting from a willful violation over a three-year period, Plaintiff's claims stand at $85,962.24 based on $42,981.12 x 2 years, only for Fridays. This does not include actual overtime.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 52:** Defendant JURHA failed to pay Plaintiff an overtime premium for hours worked over forty each week.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 53:** Defendant JURHA knew or should have known that Plaintiff regularly worked over 40 hours in a week.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed

premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 54:** At all relevant time herein, Defendant JURHA has deprived Plaintiff of sufficient overtime compensation for all hours worked over 40 in a week.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)'s sequencing/timing). Without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 55:** Defendant JURHA knew or showed reckless disregard for whether its actions violated the FLSA.

**RESPONSE:** Objection, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be

served before the time specified in Rule 26(d).” Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated RFAs served pre–Rule 26(f) as premature. See, e.g., DIRECTV, Inc. v. DeVries, 302 F. Supp. 2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature); Revlon Consumer Prods. Corp. v. Estée Lauder Cos., 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (RFAs are discovery devices and subject to Rule 26(d)’s sequencing/timing). Without waiving these objections, denied.

Respectfully submitted,

James D. Robertson (ABN 95181)
BARBER MUNSON
***Attorneys for Defendants***
One Allied Drive, Suite 1600
Little Rock, AR 72202
(501) 372-6175 / (888) 412-3288 – facsimile
jrobertson@barberlawfirm.com