**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

TIFFANY THOMPSON PLAINTIFF

VS. NO. 3:25-cv-00246-KGB

JURHA HOUSING AND COMMUNITY DEVELOPMENT ORGANIZATION, fictitiously known as JURHA HCDO and/or JONESBORO URBAN RENEWAL & HOUSING AUTHORITY; JANICE RICHMOND, Assistant Director of JURHA, individually and collectively; and SHARON SPIKES, Executive Director of JURHA, individually and collectively DEFENDANTS

**BRIEF IN SUPPORT OF**
**MOTION TO STRIKE RESPONSES AND DEEM REQUESTS ADMITTED**

A response to a request for admission (RFA) with a denial requires strict procedural rules designed to encourage fairness and identifying the issues for trial. Failing to follow these requirements can lead the court deeming the facts admitted or forcing the party to pay the other party's attorney fees to prove the facts at trial.

The responding party must state clearly that the specific matter, or the specific portion of the matter, is untrue.

Denials must fairly address the substance of the request. A party cannot issue blanket, boilerplate denials just to make the other side prove everything. Federal Rule of Civil Procedure 36.

Federal Rule of Civil Procedure 11 is attached hereto and incorporated herein.

Respectfully submitted,

Larry J. Steele
Ark. Bar No. 78146
Attorney for Plaintiff
LARRY J. STEELE PLC
225 West Elm Street
P.O. Box 561
Walnut Ridge, AR 72476-0561
(870) 886-5840/(870) 886-5873 fax
Email: steelelaw7622@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

James D. Robertson
BARBER MUNSON
One Allied Drive, Suite 1600
Little Rock, AR 72202
Phone: (501) 372-6175
Fax: (888) 412-3288
Email: jrobertson@barberlawfirm.com

Rebecca Worsham
MIXON & WORSHAM PLC
P.O. Box 1442
Jonesboro, AR 72403
Phone: (870) 935-8600
Fax: (870) 935-8622
Email: rworsham@mixonlawfirm.com

Larry J. Steele

(c) ADOPTION BY REFERENCE; EXHIBITS. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) SANCTIONS.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing

party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) INAPPLICABILITY TO DISCOVERY. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

(As amended Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

(a) TIME TO SERVE A RESPONSIVE PLEADING. Unless another time is specified by a federal statute, the time for serving a responsive pleading is as follows:

(1) *In General.*

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

(2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an