IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TIFFANY THOMPSON PLAINTIFF

Vs. Case No. 3:25-cv-00246-KGB

JURHA HOUSING AND COMMUNITY DEVELOPMENT ORGANIZATION, *et al.* DEFENDANTS

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Come now Defendants, JURHA Housing and Community Development Organization, a Nonprofit Corporation (hereinafter "JURHA"); Janice Richmond; and Sharon Spikes ("Defendants"), by and through counsel, Barber Munson, and for their Response to Plaintiff's Motion to Strike Responses and Deem Requests Admitted, state:

1. On March 18, 2026, using the Court's CM/ECF electronic filing system, Defendants filed their Responses to Plaintiff's Requests for Admission. [Doc. 15].

2. Subsequently, Plaintiff filed a Motion to Strike Responses and Deem Requests Admitted and Brief in Support on June 16, 2026. [Doc. 19; Doc. 20.]

3. Plaintiff erroneously argues that Defendants' attorney failed to sign Defendants' Responses, and therefore, the Responses should be stricken and the Requests for Admission be deemed admitted.

4. As support for her flawed argument, Plaintiff contends Rule 11 of the Federal Rules of Civil Procedure requires counsel's signature appear on Defendants' Responses for them to be valid.

5. While subpart (a) of the rule does in fact require a signature on pleadings, motions, and other papers, Plaintiff failed to read the entirety of Rule 11. Subpart (d) clearly exempts Responses to Requests for Admission from the "signature" requirement prescribed in subpart (a). *See* Fed. R. Civ. P. 11(d), attached hereto as Exhibit A.

6. Further, Rule 5 of the Federal Rules of Civil Procedure provides clarity on what constitutes a "signature" on an electronic filing. "A filing made through a person's electronic-filing account. . . together with that person's name on a signature block, constitutes the person's signature." *See* Fed. R. Civ. P. 5(d)(3)(C), attached hereto as Exhibit B; *see also* 2018 Federal Rule and Local Rule Changes, attached hereto as Exhibit C.

7. As a public service, this Court has published a "CM/ECF FAQs" section on its website in an effort to educate attorneys on the electronic filing system. The information provided in response to "*How should an attorney's signature appear on a document that is filed electronically?*" further proves Defendants' Responses did not violate any "signature" requirement under the Rules and thus, Plaintiff's motion must fail. *See* CM/ECF FAQs, attached hereto as Exhibit D.

8. Lastly, Plaintiff's Requests for Admission were improperly served on Defendants due to premature delivery. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except as authorized by the Rules, stipulation, or court order. Fed. R. Civ. P. 26(d)(1). That timing restriction expressly applies to Requests for Admission. Rule 36(a)(1) states that a party request "may not be served before the time specified in Rule 26(d)." Fed. R. Civ. P. 36(a)(1). Courts applying these provisions have treated Requests for Admission served pre-Rule 26(f) as premature. *See*, *e.g.*, *DIRECTV, Inc.*

*v. DeVries*, 302 F.Supp.2d 837 (N.D. Ill. 2002) (RFAs served before Rule 26(f) conference deemed premature).

WHEREFORE, Defendants respectfully request Plaintiff's Motion to Strike Responses and Deem Requests Admitted be DENIED, for their attorney's fees and costs expended responding to Plaintiff's fallacious Motion, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

James D. Robertson (ABN 95181)
*Attorney for Defendants*
BARBER MUNSON
One Allied Drive, Suite 1600
Little Rock, Arkansas 72202
Telephone: (501) 372-6175
E-mail: jrobertson@barbermunson.com

(c) ADOPTION BY REFERENCE; EXHIBITS. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) SANCTIONS.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing

**EXHIBIT A**

party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) INAPPLICABILITY TO DISCOVERY. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

(As amended Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

(a) TIME TO SERVE A RESPONSIVE PLEADING. Unless another time is specified by a federal statute, the time for serving a responsive pleading is as follows:

(1) *In General.*

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

(2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an

(d) FILING.

(1) *Required Filings; Certificate of Service.*

(A) *Papers after the Complaint.* Any paper after the complaint that is required to be served must be filed no later than a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

(B) *Certificate of Service.* No certificate of service is required when a paper is served by filing it with the court's electronic-filing system. When a paper that is required to be served is served by other means:

(i) if the paper is filed, a certificate of service must be filed with it or within a reasonable time after service; and

(ii) if the paper is not filed, a certificate of service need not be filed unless filing is required by court order or by local rule.

(2) *Nonelectronic Filing.* A paper not filed electronically is filed by delivering it:

(A) to the clerk; or

(B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.

(3) *Electronic Filing and Signing.*

(A) *By a Represented Person—Generally Required; Exceptions.* A person represented by an attorney must file electronically, unless nonelectronic filing is allowed by the court for good cause or is allowed or required by local rule.

(B) *By an Unrepresented Person—When Allowed or Required.* A person not represented by an attorney:

(i) may file electronically only if allowed by court order or by local rule; and

(ii) may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions.

(C) *Signing.* A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.

(D) *Same as a Written Paper.* A paper filed electronically is a written paper for purposes of these rules.

(4) *Acceptance by the Clerk.* The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.

(As amended Jan. 21, 1963, eff. July 1, 1963; Mar. 30, 1970, eff. July 1, 1970; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 23, 1996, eff. Dec. 1, 1996; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 23, 2001, eff. Dec. 1, 2001; Apr. 12, 2006, eff. Dec. 1, 2006; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 26, 2018, eff. Dec. 1, 2018.)

**EXHIBIT B**

# 2018 Federal Rule and Local Rule Changes

*Saturday, December 1, 2018*

At its September 2017 meeting, the Judicial Conference approved amendments to the Federal Rules of Civil and Criminal Procedure. The amendments became effective December 1, 2018. A complete set of the amendments are available here.

The amendments impact the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. As a result, the Court has approved the following actions in our district effective December 1, 2018:

- Civil Rule 5(b)(2)(E) and Criminal Rule 49(a)(3) **Service: How Made** authorizes service via CM/ECF. In response Local Rule 5.2 **Service of Documents by Electronic Means** is abolished.
- Civil Rule 5(d)(1)(B) and Criminal Rule 49(b)(1) **Filing - Certificate of Service** eliminates the requirement for a certificate of service when a paper is served by filing it with the Court's electronic filing system. When a paper is to be served by other means, a certificate of service must be included. The Administrative Policies and Procedures Manuals for Civil and Criminal Filings have been updated to reflect this change.
- Civil Rule 5(d)(3)(A) and Criminal Rule 49(b)(3)(A) **Filing - Electronic Filing, and Signing - By a Represented Person** makes electronic filing generally mandatory for a person represented by an attorney with exceptions for good cause or is allowed or required by local rule. In response Local Rule 5.1 **Filings of Documents by Electronic Means** is amended. (Click here to view Local Rule 5.1.) General Order 53 in the Eastern District only is amended to eliminate previous references to the Local Rule. (Click here to view General Order 53.)
- Civil Rule 5(d)(3)(B) and Criminal Rule 49(b)(3)(B) **Filing - Electronic Filing, and Signing - By an Unrepresented Person-When Allowed or Required** governs electronic filings by pro se litigants. It will only be allowed by court order or by local rule. Local Rule 5.1 addresses this change.
- Civil Rule 5(d)(3)(C) and Criminal Rule 49(b)(2) **Filings - Electronic Filings, and Signing** states an authorized filing made through a person's electronic filing account, together with the person's name on a signature block, constitutes the person's signature. The /s/ requirement is abolished. The Administrative Policies and Procedures Manuals for Civil and Criminal Filings have been updated to reflect this change.

## Archive


- February, 2021 (3)
- March, 2021 (2)
- April, 2021 (2)
- May, 2021 (2)


**EXHIBIT C**

# CM/ECF FAQs

### How do attorneys receive a CM/ECF login and password?

In order to file electronically, an attorney must be admitted to practice before the Court and must request e-filing privileges through PACER. Click here for instructions.

### Can a pro se party register for CM/ECF?

Only attorneys admitted to practice in the U.S. District Court, Eastern District of Arkansas can register for CM/ECF.

### Does a login and password from another federal court, e.g., U.S. Bankruptcy Court, transfer to the district court?

Attorney users must be registered for CM/ECF in each federal court in which they practice.

### What should a user do if the CM/ECF login or password is misplaced?

Attorneys will login to CM/ECF using Central Sign-on through PACER. For password assistance, call the PACER Service Center at 1-800-676-6856. If you need additional assistance, call the Clerk's office at 501-604-5351 or 866-449-2550.

### How do I link my PACER account to an existing CM/ECF account?

If you know your previous CM/ECF login and password, you can link your existing account. Click here for instructions. Otherwise, you can request e-filing privileges with our Court through your PACER account and the Clerk's office will link your PACER to your existing CM/ECF account. Click here for instructions.

### My law firm uses a shared PACER account. Can we continue to use that account?

Each attorney must have an individual PACER account to use for electronic filing in NextGen. A law firm can create a PACER Administrative Account (PAA) to manage the billing for all the individual accounts. Staff members who share a PACER account only for research can continue to share.

**EXHIBIT D**

**I am admitted to practice in the U.S. District Court for the Eastern District of Arkansas but do not have an e-filing account. How do I register for e-filing?**

You must log into your PACER account and request e-filing registration with our Court. Click here for instructions.

**Is there a fee for filing electronically?**

There is no fee to file a document electronically. Additionally, CM/ECF registered attorneys will receive an e-mail Notice of Electronic Filing (NEF) with a hyperlink to the filed document. The attorney can view and/or download the document one time free of charge. PACER fees will apply to any document viewed more than one time.

**Is electronic filing mandatory for attorneys?**

A person represented by an attorney must file electronically unless allowed by the Court for good cause and as set forth in Local Rule 5.1. (See Fed. R. Civ. P. 5(d)(3)(A) and Fed. R. Crim. P. 49(b)(3)(A).)

**When is the CM/ECF system available to users?**

The system is available for users seven days a week, twenty-four hours a day. However, time sensitive documents that are filed on the last day of any given deadline must be filed by 5:00 p.m., unless otherwise ordered by the Court.

**How should an attorney's signature appear on a document that is filed electronically?**

An attorney's name on a signature block along with the CM/ECF user name and password serves as the signature. The signature block should be as follows:

Pat Attorney
Bar number 12345
Attorney for (Plaintiff/Defendant)
ABC Law Firm
1600 West Capitol Avenue
Little Rock, Arkansas 72201

Telephone (501) 604-5300
E-mail: pat_attorney@law.com

**How should documents be formatted for submission in CM/ECF?**

All documents must be saved in portable document format (pdf) to be filed in CM/ECF. Documents should be scanned in 600 dpi, and there is a file size limit of 35 megabytes per attachment. For additional information on formatting, click here.

**How does an attorney initiate an action without having the case number?**

All case initiating documents, e.g., complaint, petition for removal from state court, indictment, information, etc.) in civil and criminal cases must be filed conventionally, in paper, with the Clerk's office. Subsequent documents may be filed electronically.

**Can sealed documents be filed electronically?**

All documents submitted for filing under seal must be filed conventionally, in paper, with the Clerk's office.

**If a document is filed electronically, must a paper copy be mailed to opposing counsel and to the Court?**

Whenever a document is filed electronically, CM/ECF will generate a Notice of Electronic Filing (NEF) to the filing party, to any other party who is a registered user and to the assigned judge. If the recipient is a registered filing user, the system-generated NEF shall be deemed to constitute service of the document by electronic means pursuant to Fed. R. Civ. P. 5 (b)(2)(E) and Fed. R. Crim. P. 49(b). The Court does not require a paper copy of documents filed electronically.

**What should an attorney do once an error is made in an electronic filing?**

When a filing error is made, the attorney should contact the Clerk's office via the CM/ECF Help Desk at 501-604-5351 or 866-449-2550 or clerksoffice@ared.uscourts.gov.

**Can an attorney view documents in CM/ECF?**

Attorneys must have a Public Access to Court Electronic Records (PACER) account to view documents on the electronic docket. Please visit the PACER web site to obtain registration information (pacer.uscourts.gov). The electronic case documents are available through CM/ECF with a PACER login.

**The party I represent in a civil action was dismissed prior to case closing. Can I continue to receive electronic notification of case filings through CM/ECF?**

Yes. To continue receiving notices of electronic filings, please email the Clerk's office at clerksoffice@ared.uscourts.gov and request reinstatement of electronic notifications.

**How do I serve a document, such as a motion for reconsideration or a notice of appeal, on party that was terminated in a civil action prior to case closing?**

When a party is dismissed prior to case closing, the CM/ECF system will no longer generate a Notice of Electronic Filing for the terminated party when documents are filed. If a motion or other document should be served on the dismissed party, the filing party must include a certificate of service in the document that verifies service by other means.

**The party I represent in a multi-defendant criminal action has been terminated. Can I stop receiving notices of electronic case filings through CM/ECF?**

No. The Clerk's office will not discontinue electronic notification in a criminal case without an Order. Attorneys will continue to receive electronic notification of case filings in closed criminal cases until the Court takes action to withdraw the attorney. See Local Rule 83.5 (f).